(23 Misc. Rep. 470.)

### KULLA v. FINER et al.

(Supreme Court, Appellate Term. May 3, 1898.)

MOTION TO DISMISS—PRESUMPTIONS.

    Upon a motion to dismiss the complaint, in an action to recover possession of goods claimed to have been procured from the plaintiff by false and fraudulent representations on the part of the defendant, on the ground that there is no evidence as to such fraud, the testimony on behalf of the plaintiff must be assumed to be true, and he should be given the benefit of all legitimate inferences therefrom in his favor.

Appeal from Fourth district court.

Action by Jacob Kulla against Hirsh Finer and Louis Mantel. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis Levy, for appellant.

Samuel F. Hyman, for respondents.

GIEGERICH, J. This action was brought to recover the possession of certain goods claimed to have been procured from the plaintiff by the false and fraudulent representations of the defendant Finer, as to property owned by him, and which it is averred the defendant Mantel subsequently purchased from his co-defendant, with notice of the alleged fraudulent character of the transaction. The defendant Mantel alone appeared and defended the action. When the plaintiff rested, said defendant moved for a dismissal of the complaint, upon the ground "that there was no evidence as to false and fraudulent representations," which application was granted, and the former has brought on this appeal.

For the purposes of a determination upon such a motion, the testimony of the plaintiff should have been assumed to be true, and he should have been given the benefit of all legitimate inferences therefrom in his favor. There was some evidence of fraud introduced upon the trial, which, viewed in its most favorable light, was susceptible of the inference that plaintiff parted with the possession of the merchandise upon the representation made by the defendant Finer to him, that he had bought two wagons and two horses worth about $400; that such statements were false, and so known to be by the said defendant when made; that they were relied upon by the plaintiff, who would not have delivered the goods

but for such representation; that, upon discovering the fraud, plaintiff rescinded the contract of sale, and demanded the return of the property; and that the defendant Mantel bought the same with notice of such alleged fraud. These facts were established, not alone by the plaintiff's own testimony, but by that of two additional witnesses, and we fail to perceive upon what theory they were ignored.

It is argued by the said defendant that the justice discredited the plaintiff's entire testimony. This ruling, however, as we have seen, was not placed upon that ground. Moreover, the plaintiff was corroborated by two witnesses, one of whom was not connected in business with him.

The defendant further contends that the alleged false representations were made subsequent to the sale and delivery of the goods, but the record shows the contrary.

It follows from these views that the dismissal of the complaint was error, and that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.